48 CCPA

**UNITED STATES PLYWOOD CORPORATION, Appellant,**

v.

**KOVERON KORPORATION, Appellee.**

**Patent Appeal No. 6617.**

United States Court of Customs and Patent Appeals.

Feb. 21, 1961.

Rehearing Denied May 5, 1961.

Heilman & Heilman, Washington, D. C. (James M. Heilman, Washington, D. C., of counsel), for appellant.

Arthur F. Robert, Louisville, Ky., for appellee.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.*

SMITH, Judge.

The Trademark Trial and Appeal Board dismissed the opposition of appellant-opposer to registration of appellee-applicant's mark "Koveron" for coated vinyl wall coverings (122 USPQ 27). The opposition is based on opposer's registration [1] of the mark "Kalistron" which issued some three years prior to the first use alleged by applicant. The goods specified in the registration are a flexible plastic sheeting or film for use as upholstery, wall coverings, pocketbooks, luggage, table tops, footwear and industrial uses.

The issue here is whether applicant's mark "Koveron" so resembles opposer's mark "Kalistron" as to be likely to cause confusion or mistake or to deceive purchasers, where the products move in the same channel of trade and are sold to the same classes of purchasers.

■ Opposer has urged that its registration of the marks "Kalitex," "Kaligrain," "Tapistron" and "Weldron" and the use by one of its divisions of the mark "Koverite" make this case a proper one in which to consider and apply what it refers to as the "family of trademarks" doctrine. No authority has been cited to support this proposition. When the names are scrutinized to find some common family characteristic, we cannot find a factual basis to support opposer's position. Three of the names begin with the letter "K", two other names end with the suffix "ron." We do not think opposer has established a right to the family of names comprising three syllable words beginning with the letter

"K" and ending with the suffix "ron". While the mark "Kalistron" may be said to possess family characteristics which relate it to some other marks of opposer, the opposed mark "Koveron" clearly does not. We do not think an average purchaser would relate the mark "Koveron" to this alleged "family" of marks in which opposer includes its mark "Kalistron".

■ Opposer also urges that we should here consider the fact that one Westray, a former officer of opposer, was hired by applicant as a consultant. The inference is that the name "Koveron" was adopted during the time that Westray was so acting and was a part of applicant's plan of doing business in unfair competition with opposer. Such facts are not seen to be relevant to the issue in this opposition, namely likelihood of confusion, mistake or deception of purchasers will result from the use of applicant's mark on its goods.

■ We have reviewed the record in the light of opposer's arguments based thereon as establishing instances of actual confusion. The most that can be made of these arguments is that instances of unfair competition may have occurred between opposer and Westray's company, Laminated Services Incorporated. We find no relevancy or materiality of these facts on the issue before us.

While it is true, as urged by opposer, that "Kalistron" and "Koveron" are each three syllable words ending in the same three letters "ron", there are no other similarities except for the common initial letter "K". When the marks are considered in their entireties they are distinctive in appearance and sound.

The witness Poitras testified that the mark "Kalistron" is from a Greek name meaning "most beautiful." When asked about the meaning of the word "Kalistron" the witness Mason testified "Well,

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell*, pursuant to provisions of Section 294(d), Title 28 U.S.C.

1. Registration No. 572,480, issued March 31, 1953.

I didn't know the Greek interpretation of it. I just took it to be a trade-mark for a vinyl." He also further identified the mark as " * * * a trade-mark for a vinyl wall covering distributed by U. S. Plywood."

The witnesses agreed as to the meaning of the word "Koveron." Mason testified that the name was developed to be "descriptive" of a covering which would "not tie us down to any product." Mason further testified that the name was picked as "a name that would be descriptive of the product and yet, one that we could apply to paints or any other allied lines of wall coverings that we cared to manufacture in the future." The witness Poitras testified that if the word "Koveron" was split "into two words, Koveron, I would say that you were going to take a cover and put it on something."

This testimony, together with our comparison of the entire marks, makes it clear to us that the marks "Kalistron" and "Koveron" do not stimulate similar psychological reactions or create similar associations.

The testimony also is definite that the goods on which the marks are used are sold chiefly on architect's specification. The testimony of Mason describes two instances in which "Kalistron" was specified by the architect but in which applicant was able to sell its "Koveron" as a competing material. In both instances the architects responsible for the original specifications had to agree to the change in material. Mason also testified that he knew of no instance where "Koveron" was accepted as a substitute for "Kalistron" without the knowledge of the person originally specifying "Kalistron" and without knowing that it was a different product than "Kalistron."

While the witness Poitras referred generally to "two instances of actual confusion," he could not say that "Koveron" was involved in either instance. When asked specifically "Now, what instances can you say of confusion in which Koveron was involved?" he answered "I can't think of any particular instance where Koveron as a product was used, as

confusion." He also testified that he knew of no instance of confusion on the part of the purchasing public between the two names. The witness Mason said he had not encountered any instance of confusion between "Koveron" and "Kalistron". In explanation of why this is so, Mason testified, "Kalistron, as stated before by Mr. Poitras, is known generally to all the better architects and as a general rule Kalistron is used in those architectural specifications. It is our job to sell the architect that Koveron is as good or better than Kalistron."

The differences in the names make it seem unlikely to us that the mark "Koveron" when applied by applicant to the goods specified in the application will cause confusion, mistake or deceive purchasers. The decision of the Trademark Trial and Appeal Board is affirmed.

Affirmed.